NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RICHARD ARMENTA, *Appellant*.

No. 1 CA-CR 13-0798
FILED 08-28-2014

Appeal from the Superior Court in Maricopa County
No. CR2005-115369-001
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

_____

**C A T T A N I**, Judge:

¶1        Richard Armenta appeals the superior court's order revoking his lifetime probation and imposing a five-year prison sentence.  Armenta's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Armenta was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  After reviewing the record, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Pursuant to a plea agreement, Armenta pleaded guilty in 2006 to two counts of attempted sexual conduct with a minor and one count of attempted kidnapping.  The superior court sentenced Armenta to eight years' imprisonment on the attempted kidnapping count and imposed concurrent, lifetime probation for both attempted sexual conduct with a minor counts to begin following Armenta's release from prison.  The conditions of probation required, among other things, that Armenta participate and cooperate in counseling or assistance programs required by the Adult Probation Department ("APD"); abide by special probation conditions for sex offenders; obtain prior written approval from APD before initiating contact with minor(s); and participate in sex offender treatment and comply with the treatment program rules.

¶3        After Armenta's release from confinement for the attempted kidnapping count, Armenta's probation officer filed a first petition to revoke probation, alleging that Armenta had violated some of the conditions of his probation.  The court found that Armenta had violated probation conditions, but reinstated probation.

¶4        In August 2013, Armenta's probation officer again filed a petition to revoke, alleging that Armenta failed to (1) attend and participate

in sex offender treatment counseling or assistance; (2) abide by special probation conditions for sex offenders; (3) obtain APD's prior written approval before initiating, establishing, or maintaining contact with a minor; and (4) remain in required sex offender treatment or abide by and comply with the treatment program rules.

**¶5**     After considering testimony, including from Armenta's probation officer, who testified regarding the alleged violations, the superior court found that Armenta had violated the above-listed conditions of probation. The court reinstated Armenta's lifetime probation for one of the attempted sexual conduct with a minor counts, but revoked probation for the other count and sentenced him to five years' imprisonment, with 70 days' presentence incarceration credit.

**¶6**     Armenta timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033.[1]

## DISCUSSION

**¶7**     The record reflects that the superior court afforded Armenta his rights under the United States and Arizona Constitutions and our statutes, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Armenta was present and represented by counsel at all critical stages of the revocation proceedings. The court conducted appropriate hearings, and the evidence presented was sufficient to support the court's finding that Armenta had violated his conditions of probation. Accordingly, the court was authorized to revoke probation and impose a sentence of imprisonment. *See* A.R.S. § 13-901(C). Armenta's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶8**     For the reasons stated, we affirm the superior court's order revoking probation and imposing a five-year prison sentence. After the filing of this decision, defense counsel's obligations pertaining to Armenta's representation in this appeal will end after informing Armenta of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Armenta shall have 30 days from

---

[1]     Absent material revisions after the relevant date, we cite a statute's current version.

the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh